IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHARLES A. POTTER, | Civil Case No. 06-6088-KI |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MICHAEL WASHINGTON, | |
| Defendant. | |

       Charles A. Potter
       Oregon State Penitentiary
       2605 State Street
       Salem, OR  97310

            Pro se Plaintiff

Page 1 - OPINION AND ORDER

       John R. Kroger  
       Attorney General  
       Justin Emerson Kidd  
       Assistant Attorney General  
       Department of Justice  
       1162 Court Street NE  
       Salem, OR  97301-4096

            Attorneys for Defendants

King, Judge:

      Plaintiff prevailed in this action arising from the Board of Parole's decision about his release date. Plaintiff's victory is based on a recent case, Janowski/Fleming v. Bd. of Parole, 349 Or. 432, 245 P.3d 1270 (2010). On June 29, 2011, I issued a Judgment ordering defendant to "conduct a hearing by July 31, 2011, using whatever procedures he deems appropriate, to set plaintiff's release date according to the matrix in effect when he committed his crime on February 1, 1984."

      Plaintiff seeks further relief. At the hearing conducted on July 27, 2011, the Board set plaintiff's prison term at the top of the appropriate matrix range, 168 months, and found aggravation, adding another 108 months, for a total of 276 months. The Board set a projected parole release date of March 29, 2012, after plaintiff will have served 336 months. The Board selected that date to allow time for an exit interview, expected to be held in November 2011, as authorized by ORS 144.125(1), and a current psychological evaluation, as authorized by ORS 144.223.

      Plaintiff argues that the Board illegally conducted the hearing under the terms of ORS 144.120 and that the statutes in effect at the time he committed the crime did not provide for an exit interview and psychological evaluation. Plaintiff notes that at his Murder Review Hearing

Page 2 - OPINION AND ORDER

in 2004, the Board made findings that satisfy all information which will be gathered at the exit interview. Plaintiff seeks immediate release.

I deny plaintiff's request. At the time plaintiff committed his crime in 1984, ORS 144.223 and ORS 144.125 allowed the Board to get a current psychological examination and schedule an exit interview prior to releasing a prisoner on parole. Moreover, from a practical standpoint, plaintiff's psychological health and his parole plan may have dramatically changed since his Murder Review Hearing in 2004. In addition, <u>Janowski</u> allowed the Board to conduct the same procedures even though Janowski's matrix time had expired and he objected to the delay. <u>Janowski</u>, 349 Or. at 457, 459.

Accordingly, Plaintiff's Motion for Further Relief, or in the Alternative, Motion to Enforce [107] is denied.

IT IS SO ORDERED.

DATED this ___24th___ day of August, 2011.


        /s/ Garr M. King
    Garr M. King
    United States District Judge